# EXHIBIT A

CRTR2709-CR



**COMMONWEALTH OF MASSACHUSETTS**
**BARNSTABLE COUNTY**
**Public Docket Report**

### 1972CV00155 Merrick, Linda vs. Franley Medical Lab, Inc. et al

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Contract / Business Cases | **FILE DATE:** | 04/04/2019 |
| **ACTION CODE:** | A99 | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** | Other Contract Action | | |
| **CASE DISPOSITION DATE** | | **CASE STATUS :** | Open |
| **CASE DISPOSITION:** | Pending | **STATUS DATE :** | 04/04/2019 |
| **CASE JUDGE:** | | **CASE SESSION:** | Second Session |

## DCM TRACK

| Tickler Description | Due Date | Completion Date |
|---|---|---|
| Service | 07/03/2019 | |
| Rule 15 Served By | 08/02/2019 | |
| Answer | 08/02/2019 | |
| Rule 12/19/20 Served By | 08/02/2019 | |
| Rule 12/19/20 Filed By | 09/03/2019 | |
| Rule 15 Filed By | 09/03/2019 | |
| Rule 15 Heard By | 10/01/2019 | |
| Rule 12/19/20 Heard By | 10/01/2019 | |
| Discovery | 01/29/2020 | |
| Rule 56 Served By | 02/28/2020 | |
| Rule 56 Filed By | 03/30/2020 | |
| Final Pre-Trial Conference | 07/27/2020 | |
| Judgment | 04/05/2021 | |

## PARTIES

**Plaintiff**
Merrick, Linda
4 Dove Lane
Mashpee, MA 02649

**Attorney**                                                542118
Jeremy M Carter
CarterDeYoung
CarterDeYoung
270 Winter St
Hyannis, MA 02601
Work Phone (508) 771-4210
Added Date: 04/04/2019

**Defendant**
Franey, Kathleen
40 Crooked Cartway
Marstons Mills, MA 02648
**Defendant**
Franley Medical Lab, Inc.
52 Mercantile Way
Mashpee, MA 02649

# COMMONWEALTH OF MASSACHUSETTS
## BARNSTABLE COUNTY
### Public Docket Report

| Defendant | |
|---|---|
| Gent, Mark<br>39 Rosemary Lane<br>Centerville, MA 02632 | |

| FINANCIAL DETAILS | | | | | |
|---|---|---|---|---|---|
| **Date** | **Fees/Fines/Costs/Charge** | **Assessed** | **Paid** | **Dismissed** | **Balance** |
| 04/04/2019 | Civil Filing Fee (per Plaintiff)<br>Receipt: 12192 Date: 04/04/2019 | 240.00 | 240.00 | 0.00 | 0.00 |
| 04/04/2019 | Civil Surcharge (G.L. c. 262, § 4C)<br>Receipt: 12192 Date: 04/04/2019 | 15.00 | 15.00 | 0.00 | 0.00 |
| 04/04/2019 | Civil Security Fee (G.L. c. 262, § 4A)<br>Receipt: 12192 Date: 04/04/2019 | 20.00 | 20.00 | 0.00 | 0.00 |
| 04/04/2019 | Fee for Blank Summons or Writ<br>(except Writ of Habeas Corpus) MGL<br>262 sec 4b Receipt: 12192 Date:<br>04/04/2019 | 15.00 | 15.00 | 0.00 | 0.00 |
| | **Total** | **290.00** | **290.00** | **0.00** | **0.00** |



**COMMONWEALTH OF MASSACHUSETTS**
**BARNSTABLE COUNTY**
**Public Docket Report**

| Date | Ref | Description | Judge |
|------|-----|-------------|-------|
| | | **INFORMATIONAL DOCKET ENTRIES** | |
| 04/04/2019 | | Attorney appearance<br>On this date Jeremy M Carter, Esq. added for Plaintiff Linda Merrick | |
| 04/04/2019 | | Case assigned to:<br>DCM Track F - Fast Track was added on 04/04/2019 | |
| 04/04/2019 | 1 | Original civil complaint filed. | |
| 04/04/2019 | 2 | Civil action cover sheet filed. | |
| 04/04/2019 | | Demand for jury trial entered. | |
| 04/08/2019 | 3 | Linda Merrick's MOTION for appointment of Special Process Server.<br>Howard A. Coleman<br>ALLOWED<br><br>Judge: Higginbotham, Christine M | Higginbotham |
| 04/22/2019 | 4 | Service Returned for<br>Defendant Franley Medical Lab, Inc.: Service through person in charge / agent;<br><br>On April 9, 2019, copy of SUMMONS, VERIFIED COMPLAINT AND JURY DEMAND served in hand to Mark Gent, agent accepting service for Franey Medical Lab, Inc. | |
| 04/22/2019 | 5 | Service Returned for<br>Defendant Franey, Kathleen: Service through person in charge / agent;<br><br>On April 9, 2019, copy of SUMMONS, VERIFIED COMPLAINT AND JURY DEMAND made upon Mark Gent, agent accepting service for Kathleen Franey. | |
| 04/22/2019 | 6 | Service Returned for<br>Defendant Gent, Mark: Service made in hand;<br><br>On April 9, 2019, copy of SUMMONS, VERIFIED COMPLAINT AND JURY DEMAND made in hand to Mark Gent at 52 Mercantile Way, Mashpee, MA. | |

A true copy, Attest:

_Scott E. Manning Jr._ Clerk

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 1972CV00155 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Linda Merrick vs. Franley Medical Lab, Inc. et al | | Scott W. Nickerson, Clerk of Court Barnstable County |
| TO: File Copy | | COURT NAME & ADDRESS Barnstable County Superior Court 3195 Main Street Barnstable, MA 02630 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

STAGES OF LITIGATION                                      DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 07/03/2019 | |
| Response to the complaint filed (also see MRCP 12) | | 08/02/2019 | |
| All motions under MRCP 12, 19, and 20 | 08/02/2019 | 09/03/2019 | 10/01/2019 |
| All motions under MRCP 15 | 08/02/2019 | 09/03/2019 | 10/01/2019 |
| All discovery requests **and depositions** served and non-expert depositions completed | 01/29/2020 | | |
| All motions under MRCP 56 | 02/28/2020 | 03/30/2020 | |
| Final pre-trial conference held and/or firm trial date set | | | 07/27/2020 |
| Case shall be resolved and judgment shall issue by | | | 04/05/2021 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

A true copy, Attest:

_Robert E Manning Jr_ Clerk

| DATE ISSUED 04/04/2019 | ASSISTANT CLERK Scott W Nickerson | PHONE (508)375-6684 |
|---|---|---|

Date/Time Printed: 04-04-2019 15:44:04                                    SCV026\ 08/2018

# Commonwealth of Massachusetts

BARNSTABLE, SS.

**SUPERIOR COURT**
**DOCKET NO.** 19CV185

|  |  |
|---|---|
| Linda Merrick, | ) |
| Plaintiff | ) |
|  | ) |
| V. | ) |
|  | ) |
| Franey Medical Lab, Inc., Kathleen Franey and | ) |
| Mark Gent, Individually | ) |
| Defendants | ) |

**VERIFIED COMPLAINT**
**AND JURY DEMAND**

## PARTIES

1.    The Plaintiff, Linda Merrick (hereinafter "Merrick") is an adult female residing at 4 Dove Lane, Mashpee, Barnstable County, Massachusetts.

2.    The Defendant, Franey Medical Lab, Inc. (hereinafter "FMLI" or "Company") is a domestic for-profit corporation duly organized under the laws of the Commonwealth of Massachusetts with a principal place of business at 52 Mercantile Way, Mashpee, Barnstable County, Massachusetts.

3.    The Defendant, Kathleen Franey (hereinafter "Franey"), is an adult female who resides at 40 Crooked Cartway, Marstons Mills, Barnstable Count, Massachusetts.

4.    The Defendant, Mark Gent (hereinafter "Gent"), is an adult male who resides at 39 Rosemary Lane, Centerville, Barnstable, County, Massachusetts.

## FACTS

5.    Franey Medical Lab, Inc. is a corporation established in 1979 to provide clinical laboratory services for area health care providers and residents. These services included advanced substance abuse testing and monitoring.

6.    The Plaintiff was originally hired by FMLI in 1987 as a lab technician and continued as such until 2000 when FMLI was sold to Lab Corp.

7.    The Plaintiff remained employed with Lab Corp. until 2005 when Lab Corp. went out of business.

1

8. In 2005, FMLI, who had retained the drug testing business after it had sold to Lab Corp. commenced full operations as it had prior to selling Lab Corp.

9. When Lab Corp. closed its Sandwich site, FMLI recommenced its lab services at the Sandwich location. Robert Franey, president and founder of FMLI, specifically met with the Plaintiff and hired her as a lifetime employer. Robert Franey would often consult with Plaintiff about company decisions.

10. The Plaintiff, in 2009, was promoted to lab manager, with responsibilities of supervising employees and overseeing lab testing. As lab manager, the Plaintiff became part of FMLI management and reported directly to Defendant, Kathleen Franey, who over time, was tasked with running the day-to-day operation of the company.

11. The Defendant, Gent, was hired by FMLI in 2010 as an administrative assistant and was eventually promoted to business manager in 2017.

12. FMLI employs approximately 31 individuals and maintains an employee handbook setting forth rules and regulations pertinent to the company.

13. During the course of the Plaintiff's employment she reported to Kathleen Franey, who frequently praised Plaintiff for her dedication and strong worth ethic. In 2018, the Plaintiff was one of the oldest and highest paid employees of FMLI.

14. Kathleen Franey from time to time evaluated the Plaintiff and all job performance evaluations which the Plaintiff reviewed with Ms. Franey were meeting or exceeding expectation. The last performance evaluation the Plaintiff saw was in 2013.

15. In 2017, Franey Medical Lab instituted a work share program. Many of FMLI employees initially objected to having their hours reduced, confiding in the Plaintiff who would advocate their feelings to Franey. During the initiation of the work share program, one employee, Lisa Perry, questioned scheduling issues and the lack of schedules not being posted, and was terminated by Franey. The Plaintiff advocated for Perry and the fact that employees of the company had a right to have the work schedule posted. Franey did not appreciate the Plaintiff's position and warned Plaintiff that similar action could be taken against her.

16. Another of FMLI's employees, Heather Farren, brought to the Plaintiff's attention, issues of sexual harassment being inflicted on her by Jennifer Gent, Defendant Gent's wife. The Plaintiff reported the occurrence of sexual harassment on behalf of employee Farron.

17. As a result of the Plaintiff addressing various work share program issues and reporting the sexual harassment, the Plaintiff was systematically phased out of management decisions. The Plaintiff was no longer consulted by Kathleen Franey regarding business decisions nor included in various management meetings as she had been previously.

18.   Both employees, Farren and Perry, who were friends of the Plaintiff, were terminated, and Plaintiff was admonished by Franey in regards to associating with them.

19.   In addition to reporting Jennifer Gent for sexual harassment, the Plaintiff had to repeatedly admonish her for work attendance issues.

20.   The Plaintiff brought these concerns regarding Jennifer Gent to Franey at the time Franey and Gent (Jennifer's husband) were friends who socialized outside of the workplace.

21.   Franey's response to the Plaintiff's concerns about Jennifer Gent was for the Plaintiff to mentor her.

22.   Jennifer Gent took Plaintiff's efforts at mentoring as harassing, necessitating a meeting between the company's human resource officer, Franey, and both Plaintiff and Jennifer Gent on or about January 30, 2018.

23.   As a result of the meeting, Defendant, Gent would rarely speak to Plaintiff, and when he did, he would demean her in front of co-workers.

24.   The treatment of the Plaintiff by Defendant, Gent, created a hostile work environment.

25.   The Plaintiff complained to her supervisor, Franey, of the harassment, but Franey failed to take any action whatsoever.

26.   Defendant, Gent called a meeting involving management without informing the Plaintiff to discuss a project that Plaintiff was working on.  The result of the meeting was emailed to FMLI employees.

27.   Various FMLI employees approached the Plaintiff to question her about the contents of the email which the Plaintiff could not respond to as she was not included in the meeting.

28.   Defendant, Gent approached Plaintiff shortly after sending out the email in a hostile manner accusing her of being critical of his email.

29.   Defendant, Gent's behavior was not only demeaning to the Plaintiff but threatening and done in front of various FMLI employees.  Gent's behavior caused the Plaintiff to be placed in fear of her safety.

30.   The Plaintiff reported the incident to the company's HR director, Sam Knott, requesting something be done about the Defendant, Gent or she would be forced to file a report with the police.

31.   Defendant, Franey, upon learning of the issue, instructed Plaintiff to leave FMLI immediately on that day.

32.   Defendant, Franey, contacted the Plaintiff to come meet with her a few days later.  Upon

3

meeting with Franey, the Plaintiff was informed that she was terminated.

33.   Plaintiff inquired of Defendant, Franey, that if she didn't make a complaint to HR about Gent or mention reporting the incident to the police would she be terminated, and the Defendant Franey responded "no" she wouldn't have been.

34.   FMLI and Franey unjustly terminated the Plaintiff's employment on March 12, 2018.

35.   Defendant Franey refused to allow Plaintiff to retrieve her personal property from her office and indicated that her property would be delivered to her.

36.   As a result of the unjust termination, hostile work environment and retaliation, the Plaintiff suffered lost earnings, emotional distress for which she was forced to seek medical treatment, and she was unable to enjoy her usual activities.

## PLAINTIFF'S CLAIMS AGAINST DEFENDANT FRANEY MEDICAL LAB, INC.

### COUNT I
### WRONGFUL TERMINATION

37.   The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein in its entirety.

38.   The Plaintiff was employed by FMLI under an at will employment contract, and as such was entitled to an implied covenant of good faith and fair dealing.

39.   On March 12, 2018, FMLI terminated Plaintiff from employment.

40.   FMLI's breach of the employment contract was material and was done knowingly and willfully.

41.   At the time, Plaintiff was one of the highest paid employees at FMLI.

42.   The termination of the Plaintiff by FMLI breached the implied covenants of good faith and fair dealing.

43.   As a direct and proximate result of the Plaintiff's termination, she suffered and continues to suffer damages, including but not limited to loss of income, loss of employment benefits, loss of professional opportunities, loss of personal and professional reputation, other financial losses, emotional distress and mental suffering.

WHEREFORE, the Plaintiff demands judgment against the Defendant and award of damages, fees, costs, interest and further relief to which she is entitled.

## COUNT II
## HOSTILE WORK ENVIRONMENT

44.     The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein in its entirety.

45.     Defendant Gent's conduct towards Plaintiff was unwelcomed, humiliating and harassing.

46.     Defendant Franey, the Plaintiff's supervisor, knew or should have known about the conduct of Gent and she failed to take remedial action.

47.     The conduct of Gent had the purpose or effect of creating a hostile, humiliating or offensive work environment and interfered with the Plaintiff's ability to perform her job.

48.     As a direct and proximate result the Plaintiff suffered and continues to suffer damages including but not limited to, loss of income, loss of employment benefits, loss of professional opportunities, loss of personal and professional reputation, other financial losses, emotional distress and mental suffering.

WHERFORE, the Plaintiff demands judgment against the Defendant and award of damages, fees, costs, interest and further relief to which she is entitled.

## COUNT III
## RETALIATION

49.     The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein in its entirety.

50.     By the conduct alleged above, the Defendant retaliated against the Plaintiff because she opposed practices in violation of her civil rights and practices forbidden under G.L. c.151B in violation of G.L. c.151B.

51.     The Plaintiff timely met each of the administrative prerequisites to suit under G.L. c.151B.

52.     As a direct and proximate result of the Plaintiff's termination, she suffered and continues to suffer damages including but not limited to, loss of income, loss of employment benefits, loss of professional opportunities, loss of personal and professional reputation, other financial losses, emotional distress and mental suffering.

WHERFORE, the Plaintiff demands judgment against the Defendant and award of damages, fees, costs, interest and further relief to which she is entitled.

## COUNT IV
## <u>VIOLATION OF PLAINTIFF'S CIVIL RIGHTS</u>

53.     The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein in its entirety.

54.     By the conduct alleged above, the Defendant further threatened, intimidated or interfered with the Plaintiff's enjoyment of the right to do her job and associate with co-workers without the fear of reprisal.

55.     When the Plaintiff attempted to express her rights against the wrongful conduct of Defendant Gent, she was unjustly terminated.

56.     As a direct and proximate result of the Plaintiff's termination, she suffered and continues to suffer damages including but not limited to, loss of income, loss of employment benefits, loss of professional opportunities, loss of personal and professional reputation, other financial losses, emotional distress and mental suffering.

WHERFORE, the Plaintiff demands judgment against the Defendant and award of damages, fees, costs, interest and further relief to which she is entitled.

## COUNT V
## <u>AGE DISCRIMINATION</u>

57.     The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein in its entirety.

58.     By the conduct alleged above, the Defendant Franey has discriminated against the Plaintiff due to her age.  At the time she was unjustly terminated, she was one of the oldest employees and the highest paid employee of the company.

59.     The Plaintiff timely met each of the administrative prerequisites to suit under G.L. c.151B.

60.     The company is an employer within the meaning of M.G.L. c.151B.

61.     Defendant Franey's conduct constitutes a violation of M.G.L. c.151B and Title 7.

62.     Defendant's actions were willful, intentional and committed with reckless regard for Plaintiff's rights.  Defendant has replaced the Plaintiff with a younger individual.

63.     As a direct and proximate result of the Plaintiff's termination, she suffered and continues to suffer damages including but not limited to, loss of income, loss of employment benefits, loss of professional opportunities, loss of personal and professional reputation, other financial losses, emotional distress and mental suffering.

WHEREFORE, the Plaintiff demands judgment against the Defendant and award of damages, fees, costs, interest and further relief to which she is entitled.

## COUNT VI
## PLAINTIFF'S CLAIMS AGAINST KATHLEEN FRANEY
## WRONGFUL TERMINATION

64.   The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein in its entirety.

65.   Defendant Franey, the Plaintiff's direct supervisor, unlawfully terminated the Plaintiff in the absence of good or for reasons related to work performance.

66.   Defendant Franey's discharge of the Plaintiff was as a result of wrongful conduct against the Plaintiff by Defendant Gent.

67.   The termination of the Plaintiff by Franey breached the implied covenant of good faith and fair dealing.

68.   The Defendant's breaches were material and were done knowingly and willfully.

69.   As a direct and proximate result of the Plaintiff's termination, she suffered and continues to suffer damages including but not limited to, loss of income, loss of employment benefits, loss of professional opportunities, loss of personal and professional reputation, other financial losses, emotional distress and mental suffering.

WHEREFORE, the Plaintiff demands judgment against the Defendant and award of damages, fees, costs, interest and further relief to which she is entitled.

## COUNT VII
## HOSTILE WORK ENVIRONMENT

70.   The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein in its entirety.

71.   Defendant Franey's actions or lack thereof had the purpose or effect of creating a hostile or humiliating or offensive work environment and it interfered with the Plaintiff's ability to do her job.

72.   As a direct and proximate result of the Plaintiff's termination, she suffered and continues to suffer damages including but not limited to, loss of income, loss of employment benefits, loss of professional opportunities, loss of personal and professional reputation, other financial losses, emotional distress and mental suffering.

WHERFORE, the Plaintiff demands judgment against the Defendant and award of damages, fees, costs, interest and further relief to which she is entitled.

## COUNT VIII
## RETALIATION

73.   The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein in its entirety.

74.   By the conduct alleged above, the Defendant Franey retaliated against the Plaintiff because she because she opposed practices forbidden under G.L. c.151B in violation of G.L. c.151B.

75.   Defendant Franey retaliated against the Plaintiff for attempting to report an assault to the police.

76.   As a direct and proximate result of the Plaintiff's termination, she suffered and continues to suffer damages including but not limited to, loss of income, loss of employment benefits, loss of professional opportunities, loss of personal and professional reputation, other financial losses, emotional distress and mental suffering.

77.   The Plaintiff timely met each of the administrative prerequisites to suit under G.L. c.151B.

WHERFORE, the Plaintiff demands judgment against the Defendant and award of damages, fees, costs, interest and further relief to which she is entitled.

## COUNT IX
## VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

78.   The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein in its entirety.

79.   By the conduct alleged above, the Defendant further threatened, intimidated or interfered with the Plaintiff's enjoyment of the right to do her job and associate with co-workers without the fear of reprisal.

80.   The Plaintiff met with Defendant Franey to discuss her employment and was told that as a result of her filing a claim against Defendant Gent, she was being terminated.

81.   As a direct and proximate result of the Plaintiff's termination, she suffered and continues to suffer damages including but not limited to, loss of income, loss of employment benefits, loss of professional opportunities, loss of personal and professional reputation, other financial losses, emotional distress and mental suffering.

WHERFORE, the Plaintiff demands judgment against the Defendant and award of damages, fees, costs, interest and further relief to which she is entitled.

## COUNT X
## AGE DISCRIMINATION

82.  The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein in its entirety.

83.  By the conduct alleged above, the Defendant has discriminated against the Plaintiff due to her age.  At the time she was unjustly terminated, she was one of the oldest employees and the highest paid employee of the company.

84.  The Plaintiff timely met each of the administrative prerequisites to suit under G.L. c.151B.

85.  The company is an employer within the meaning of M.G.L. c.151B.

86.  Defendant's conduct constitutes a violation of M.G.L. c.151B and Title 7.

87.  Defendant's actions were willful, intentional and committed with reckless regard for Plaintiff's rights.

88.  As a direct and proximate result of the Plaintiff's termination, she suffered and continues to suffer damages including but not limited to, loss of income, loss of employment benefits, loss of professional opportunities, loss of personal and professional reputation, other financial losses, emotional distress and mental suffering.

WHERFORE, the Plaintiff demands judgment against the Defendant and award of damages, fees, costs, interest and further relief to which she is entitled.

## COUNT XI
## CLAIMS AGAINST DEFENDANT GENT
## HOSTILE WORK ENVIRONMENT

89.  The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein in its entirety.

90.  By the conduct alleged above, the Defendant created a hostile work environment by his demanding, humiliating and offensive behavior towards the Plaintiff.

91.  As a direct and proximate result, the Plaintiff suffered and continues to suffer damages including but not limited to, loss of income, loss of employment benefits, loss of professional opportunities, loss of personal and professional reputation, other financial losses, emotional distress and mental suffering.

9

WHERFORE, the Plaintiff demands judgment against the Defendant and award of damages, fees, costs, interest and further relief to which she is entitled.

## COUNT XII
## TORTIOUS INTERFERENCE WITH CONTRACTUAL AND ADVANTAGEOUS BUSINESS RELATIONS

92. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein in its entirety.

93. The Plaintiff had a contractual and/or advantageous business relationship with FMLI.

94. The Defendant had knowledge of this contractual and/or advantageous business relationship.

95. The Defendant knowingly interfered with this contractual and/or advantageous business relationship and did so with proper motive and/or by improper means.

96. As a direct and proximate result of the Plaintiff's termination, she suffered and continues to suffer damages including but not limited to, loss of income, loss of employment benefits, loss of professional opportunities, loss of personal and professional reputation, other financial losses, emotional distress and mental suffering.

WHERFORE, the Plaintiff demands judgment against the Defendant and award of damages, fees, costs, interest and further relief to which she is entitled.

## COUNT XIII
## INTERFERENCE WITH RIGHT TO BE FREE OF DISCRIMINATION

97. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein in its entirety.

98. By the conduct alleged above, the Defendant coerced, intimidated, threatened or interfered with the Plaintiff's enjoyment of the right to be free of unlawful discrimination and acted in deliberate disregard of the Plaintiff's rights, in violation of G.L. c.151B.

99. As a direct and proximate result of the Plaintiff's termination, she suffered and continues to suffer damages including but not limited to, loss of income, loss of employment benefits, loss of professional opportunities, loss of personal and professional reputation, other financial losses, emotional distress and mental suffering.

100. The Plaintiff timely met each of the administrative prerequisites to suit under G.L. c.151B.

WHERFORE, the Plaintiff demands judgment against the Defendant and award of damages, fees, costs, interest and further relief to which she is entitled.

Plaintiff demands a Trial by jury on all claims herein.

Respectfully Submitted,
Linda Merrick,
By Her Attorney,


Jeremy M. Carter, Esquire
CARTER DEYOUNG
270 Winter Street
Hyannis, MA 02601
(508) 771-4210
Dated:  March 21, 2019          BBO# 542118


## VERIFICATION

I, Linda Merrick, have read the foregoing Verified Complaint and, under the pains and penalties of perjury, hereby certify and affirm the allegations contained herein to be true and accurate to the best of my belief and where upon belief, I believe the same to be true.


Dated:  March 21, 2019

Linda Merrick


A true copy, Attest:

Robert & Manning Jr          Clerk

11

2

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 19CV155 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| | | COUNTY |
|---|---|---|
| PLAINTIFF(S): | Linda Merrick | Barnstable |
| ADDRESS: | 4 Dove Lane | |
| | Mashpee, MA  02649 | DEFENDANT(S): Franey Medical Lab, Inc., Kathleen Franey and |
| | | Mark Gent, Individually |
| ATTORNEY: | Jeremy M. Carter | |
| ADDRESS: | 270 Winter Street | ADDRESS: |
| | Hyannis, MA  02601 | |
| BBO: | 542118 | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A99 & B22 | Unlawful Termination & Employment Discrimination | F | ☒ YES   ☐ NO |

**\*If "Other" please describe:**

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
    1. Total hospital expenses ............................................................. $ _____
    2. Total doctor expenses ............................................................. $ _____
    3. Total chiropractic expenses ..................................................... $ _____
    4. Total physical therapy expenses .............................................. $ _____
    5. Total other expenses (describe below) ..................................... $ _____
                                                              Subtotal (A): $  0.00
B. Documented lost wages and compensation to date ............................... $  106,000.00
C. Documented property damages to dated ........................................... $  0.00
D. Reasonably anticipated future medical and hospital expenses ............ $  0.00
E. Reasonably anticipated lost wages ................................................ $  0.00
F. Other documented items of damages (describe below) ........................ $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                                                             TOTAL (A-F): $  106,000.00

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
    Plaintiff was unlawfully terminated and retaliated against.         TOTAL $ _____

*A true copy, Attest:*

**Signature of Attorney/Pro Se Plaintiff:** X _____    Date: 4/1/19

**RELATED ACTIONS:** Please provide the case number, case name, and count of any related actions pending in the Superior Court. Clerk

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record:** X _____    Date: 4/1/19
                                           March 25, 2019

# COMMONWEALTH OF MASSACHUSETTS

**BARNSTABLE, SS**

FILED    APR 0 8 2019

**SUPERIOR COURT**
**1972CV00155**

LINDA MERRICK
Plaintiff(s)

VS.

FRANEY MEDICAL LAB, INC., KATHLEEN FRANEY and MARK GENT
Defendant(s)

## MOTION FOR APPOINTMENT AS
## PROCESS SERVER

In accordance with the provisions of Rule 4c of the M.R.C.P., the undersigned hereby
Motions this Honorable Court for the appointment of Howard A. Coleman and/or his designee at
Cape Cod Constables as process server in the above entitled action.

The undersigned swears that that he or his designee is a Constable or Process Server who
is experienced in the service of process, is 18 years of age or older and is not a party to this
action.

_____
Jeremy M. Carter, Esquire
270 Winter Street
Hyannis, MA  02601

## ORDER APPOINTING SPECIAL PROCESS SERVER

The foregoing Motion is allowed and pursuant to Rule 4c of the M.R.C.P. IT IS
ORDERED that Howard A. Coleman and or his designee is hereby appointed as Special Process
server in the above entitled action.

By the Court, _____
Asst. Clerk

Dated:  April 8, 2019

A true copy, Attest:

_____ Clerk

# Commonwealth of Massachusetts

BARNSTABLE, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1972CV00155

_Linda Merrick_ , PLAINTIFF(S),

v.

_Franey Medical Lab,_ , DEFENDANT(S)
Inc.

**SUPERIOR COURT
BARNSTABLE, SS**

FILED   APR 2 2 2019

_Scott L. Nickerson_ **Clerk**

**SUMMONS**

THIS SUMMONS IS DIRECTED TO _Franey Medical Lab, Inc._ . (Defendant's name)

**You are being sued.**  The Plaintiff(s) named above has started a lawsuit against you. A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the _Barnstable Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide
    the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the
    opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect
    to resolve this matter with the Plaintiff.  **If you need more time to respond, you may request an
    extension of time in writing from the Court.**

2.  **How to Respond.**  To respond to this lawsuit, you must file a written response with the court **and** mail a
    copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:
    a.  Filing your **signed original** response with the Clerk's Office for Civil Business, _Superior_ Court, by mail
        to P.O. Box 425, or in person to 3195 Main Street, Barnstable, MA 02630, **AND**
    b.  Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following
        address: _270 Winter Street, Hyannis, MA 02601_

3.  **What to include in your response**.  An **"Answer"** is one type of response to a Complaint.  Your Answer
    must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
    Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
    use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are
    based on the same facts or transaction described in the Complaint, then you must include those claims
    in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this
    lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
    Answer or in a written demand for a jury trial that you must send to the other side and file with the
    court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a
    **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient.  A Motion
    to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If
    you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
    described in the rules of the Court in which the complaint was filed, available at
    www.mass.gov.courts/case-legal-res/rules of court.

4.   **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.   **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on ___April 8_____, 20_19_ . (SEAL)

Scott W. Nickerson
Clerk-Magistrate

*Scott W. Nickerson*

**Note:** The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____
_____
_____

Dated: _____, 20___     Signature: _____

**N.B.     TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

April 9, 2019

RETURN OF SERVICE

I hereby certify under the penalties of perjury that I served a copy of the within Summons, together with a copy of the Verified Complaint and Jury Demand, upon the within named defendant, by giving it in hand to Mark Gent, agent accepting service for Franey Medical Lab, Inc.  Service was made at Franey Medical Lab, Inc., 52 Mercantile Way, Mashpee, MA.

Date Served:   April 9, 2019

Service and Travel:   $40.00

_____
Signed under the pains and penalties of perjury

CONSTABLE'S OFFICE
P.O. Box 715
Barnstable, MA 02630
(508) 362.0098

A true copy ... e
Clerk

Robert E Manning Jr

# Commonwealth of Massachusetts

BARNSTABLE, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1972CV00185

SUPERIOR COURT
BARNSTABLE, SS

FILED    APR 22 2019

_Scott L. Nickerson_ Clerk

**Linda Merrick**_____, PLAINTIFF(S),

v.

**Kathleen Franey**_____, DEFENDANT(S)

**SUMMONS**

THIS SUMMONS IS DIRECTED TO _____ **Kathleen Franey** _____. (Defendant's name)

**You are being sued.**  The Plaintiff(s) named above has started a lawsuit against you. A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the _Barnstable Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide
   the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the
   opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect
   to resolve this matter with the Plaintiff.  **If you need more time to respond, you may request an
   extension of time in writing from the Court.**

2. **How to Respond.**  To respond to this lawsuit, you must file a written response with the court **and** mail a
   copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:

   a. Filing your **signed original** response with the Clerk's Office for Civil Business, _Superior_ Court, by mail
      to _P.O. Box 425_, or in person to 3195 Main Street, Barnstable, MA  02630, _AND_

   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following
      address: _270 Winter Street, Hyannis, MA_ 02601

3. **What to include in your response.**  An **"Answer"** is one type of response to a Complaint. Your Answer
   must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
   Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
   use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are
   based on the same facts or transaction described in the Complaint, then you must include those claims
   in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this
   lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
   Answer or in a written demand for a jury trial that you must send to the other side and file with the
   court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a
   **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion
   to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If
   you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
   described in the rules of the Court in which the complaint was filed, available at
   www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings**: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on ___April 8___, 20 19 . (SEAL)

Scott W. Nickerson
Clerk-Magistrate          *Scott W. Nickerson*

**Note:** The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____
_____
_____

Dated: _____, 20___          Signature: _____

**N.B.    TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

April 9, 2019

RETURN OF SERVICE

I hereby certify under the penalties of perjury that I served a copy of the within Summons, together with a copy of the Verified Complaint and Jury Demand, upon the within named defendant, by giving it in hand to Mark Gent, agent accepting service for Kathleen Franey.  Service was made at Franey Medical Lab, Inc., 52 Mercantile Way, Mashpee, MA.

Date Served:   April 9, 2019

Service and Travel:   $40.00

_____
Signed under the pains and penalties of perjury

CONSTABLE'S OFFICE
P.O. Box 715
Barnstable, MA 02630
(508) 362.0098

A true copy, Attest:

Robert E Manning Jr        Clerk

6

# Commonwealth of Massachusetts

BARNSTABLE, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1972CV00155

> SUPERIOR COURT
> BARNSTABLE, SS
> FILED   APR 2 2 2019
> _Scott W. Nickerson_ Clerk

Linda Merrick _____, PLAINTIFF(S),

v.

Mark Gent _____, DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO _____ Mark Gent _____. (Defendant's name)

**You are being sued.**  The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Barnstable Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff.  **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.**  To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:

    a.  Filing your **signed original** response with the Clerk's Office for Civil Business, _Superior_ Court, by mail to P.O. Box 425, or in person to 3195 Main Street, Barnstable, MA  02630, AND

    b.  Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: _270 Winter Street, Hyannis, MA 02601_

3.  **What to include in your response.** An **"Answer"** is one type of response to a Complaint.  Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient.  A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____April 8_____, 20 19 . (SEAL)

Scott W. Nickerson
Clerk-Magistrate

**Note:** The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

       I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____
_____
_____

Dated: _____, 20___     Signature: _____

**N.B.**    **TO PROCESS SERVER:**

       PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

April 9, 2019

RETURN OF SERVICE

I hereby certify under the penalties of perjury that I served a copy of the within Summons, together with a copy of the Verified Complaint and Jury Demand, upon the within named defendant, by giving it in hand to Mark Gent.  Service was made at Franey Medical Lab, Inc., 52 Mercantile Way, Mashpee, MA.

Date Served:  April 9, 2019

Service and Travel:  $40.00

_____
Signed under the pains and penalties of perjury

CONSTABLE'S OFFICE
P.O. Box 715
Barnstable, MA 02630
(508) 362.0098

A true copy

Clerk