UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
LINDA MERRICK, )
 )
    Plaintiff, )
 )
v. ) Civil No. 19-cv-11002-LTS
 )
FRANEY MEDICAL LAB, INC., )
KATHLEEN FRANEY and MARK GENT )
 )
    Defendants. )
 )

ORDER ON MOTION TO DISMISS (DOC. NO. 6)

September 19, 2019

SOROKIN, J.

Plaintiff Linda Merrick alleges violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq.*, along with a plethora of state law claims arising out of her employment termination by Defendants Franey Medical Lab, Inc. (FMLI) and Kathleen Franey, her former supervisor. Doc. No. 15. Plaintiff levels additional state law claims against Defendant Mark Gent, FMLI's business manager. Id. In response, Defendants collectively move to dismiss the case in its entirety. Doc. Nos. 6, 20. For the following reasons, Defendants' motion to dismiss is ALLOWED with respect to Plaintiff's ADEA claims (Counts V and X). Plaintiff's remaining state law claims are REMANDED to Barnstable Superior Court for further proceedings.

I.     BACKGROUND

The Court recounts the relevant facts as they are alleged in Plaintiff's Amended Complaint. Doc. No. 15.

In 1987, Plaintiff began her employment relationship with FMLI, a laboratory services firm which provides substance abuse testing and monitoring for area health care providers. Id. at 1. Initially hired as a lab technician, Plaintiff remained in the employ of FMLI until 2000, when the company was sold to another business. Id. When FMLI recommenced its own lab services in 2005, Plaintiff continued in her original capacity. Id. In 2009, she was promoted to Lab Manager and was granted responsibilities like "supervising employees and overseeing lab testing." Id. at 2.

As Lab Manager, Plaintiff was directly supervised by Defendant Franey, who "was tasked with running the day-to-day operation of the company." Id. at 2. During this period, Defendant Franey "frequently praised Plaintiff for her dedication and strong work ethic." Id. Plaintiff's performance evaluations, including her most recent evaluation in 2013, indicated that she had "met or exceeded expectations." By 2018, Plaintiff was "one of the oldest and highest paid employees of FMLI." Id. at 3.

The series of events that gave rise to this suit began in 2017. First, Plaintiff alleges that an employee who objected to FMLI's newly instituted work share program—an objection Plaintiff had defended—was terminated by Defendant Franey, who simultaneously "warned Plaintiff that similar action could be taken against her." Id. at 2. Next, Plaintiff learned of, and subsequently reported, an alleged incident of sexual harassment involving Defendant Gent's wife, Jennifer. Id. The alleged victim was terminated and Plaintiff "was systematically phased out of management decisions." Id. Sometime thereafter, Defendant Gent began to "demean [Plaintiff] in front of co-workers, often refer[ring] to her as irrelevant." Id. On one occasion, Defendant Gent approached Plaintiff about a workplace dispute, "caus[ing] the Plaintiff to be placed in fear for her safety." Id. at 3. A few days after notifying FMLI's HR director that "she

2

would be forced to file a report with the police" if the incident with Defendant Gent went unaddressed, Plaintiff was terminated by Defendant Franey. Id. at 3–4. At the time of her termination, Plaintiff was over the age of 40; FMLI subsequently "replaced her with a younger employee." Id. at 4.

II. LEGAL STANDARD

    A. General Pleading Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint "must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). While Rule 12(b)(6)'s demands are modest, it "is not entirely a toothless tiger." Dartmouth Rev. v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989) (noting that the "threshold for stating a claim may be low, but it is real."). "The pleader must show an entitlement to relief by including in the complaint enough factual material to raise a right to relief above the speculative level if the facts alleged are accepted as true." Faculty, Alumni, & Students Opposed to Racial Preferences v. Harvard Law Review Ass'n, No. CV 18-12105-LTS, 2019 WL 3754023, at *4 (D. Mass. Aug. 8, 2019) (quoting Ocasio-Hernandez, 640 F.3d at 12) (internal quotation marks omitted).

    B. ADEA Pleading Standard

The ADEA "makes it unlawful for an employer to take adverse action against an employee because of his or her age." Connolly v. Shaw's Supermarkets, Inc., 355 F. Supp. 3d 9,

3

15 (D. Mass. 2018); 29 U.S.C. § 623(a)(1).  To establish a prima facie case of age discrimination under the ADEA, a plaintiff must show:

> (1) [she is] a member of a protected class; (2) [she is] qualified for [her] job; (3) [she has] suffer[ed] an adverse employment action at the hands of [her] employer; and (4) [there is] some evidence of a causal connection between [her] membership in a protected class and the adverse employment action.

Garmon v. Nat'l R.R. Passenger Corp., 844 F.3d 307, 313 (1st Cir. 2016) (quoting Bhatti v. Trs. of Bos. Univ., 659 F.3d 64, 70 (1st Cir. 2011)).  The Supreme Court has held that the plaintiff need not plead facts sufficient to establish "a prima facie case… in order to survive a motion to dismiss."  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511 (2002).  However, the plaintiff still "must plead enough facts to make entitlement to relief plausible."  Higgins v. State St. Corp., 323 F. Supp. 3d 203, 206 (D. Mass. 2018); Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 54 (1st Cir. 2013) (noting that the elements of the prima facie case are not irrelevant to a plausibility determination, but rather constitute "part of the background against which a plausibility determination should be made").  "Put simply, the complaint has to allege a plausible basis for a claim of *discrimination*, not just unfair treatment."  Alicea v. N. Am. Cent. Sch. Bus, LLC, 232 F. Supp. 3d 213, 215 (D. Mass. 2017) (emphasis in original).

III.  DISCUSSION

Accepting Plaintiff's allegations as true, she has asserted that: (1) she was a member of a protected class (as she was over the age of 40 at the time of her termination); (2) she is qualified for her job and met her employer's legitimate expectations (because she had received positive performance evaluations); (3) she suffered an adverse employment action (because she was terminated); and (4) her position was subsequently filled by a "younger employee."  Doc. No. 15 at 4.  The Court, at this stage, also accepts as true Plaintiff's allegations that she was

4

"demean[ed]" and called "irrelevant" by Defendant Gent, and that her advocacy on behalf of other employees contributed to her eventual termination. Id. at 2–4.

However, these allegations, without more, do not give rise to a cause of action under the ADEA. Critically, Plaintiff has not alleged any facts "demonstrating a causal connection between [her] age" and her termination. Higgins, 323 F. Supp. 3d at 206. Indeed, Plaintiff's only references to her age—that she was one of FMLI's oldest employees and that Defendant Gent referred to her as "irrelevant"—merely support a speculative conclusion that Plaintiff's termination was the result of age discrimination. And the mere fact that a "younger employee" of unspecified age replaced Plaintiff does not, without additional allegations, "trigger a right to conduct discovery in hopes that evidence of a discriminatory motive may turn up." Id. at 207 (internal quotation marks omitted); see also Williams v. Shinseki, No. CIV.A. 11-40030-TSH, 2013 WL 1336360, at *4 (D. Mass. Mar. 29, 2013) (dismissing an ADEA claim where a plaintiff had failed to provide "any guidance as to the age" of their replacement). Although Plaintiff's complaint contains allegations that could give rise to a plausible inference that her termination was prompted by her advocacy on behalf of former employees or her decision to report her dispute with Defendant Gent to FMLI's HR director, Plaintiff "offers no facts that suggest" that Defendants took action against her "because of discriminatory animus based on … age." Bottomley v. Bos. Pub. Sch., No. 1:17-CV-12107-LTS, 2018 WL 6682764, at *3 (D. Mass. Dec. 19, 2018). Mindful that a "complaint should be read in its entirety," Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 25 (1st Cir. 2014), the Court finds that Plaintiff's

complaint does not contain "plausible, factual, non-conclusory allegations of discrimination." Alicea, 232 F. Supp. 3d at 216. Therefore, Plaintiff's ADEA claims must be dismissed.[1]

IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is ALLOWED with respect to Plaintiff's ADEA claims (Counts V and X). Given the dismissal of Plaintiff's only federal law claims, the Court declines to exercise supplemental jurisdiction over her remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). See Perkins v. City of Attleboro, 969 F. Supp. 2d 158, 179 (D. Mass. 2013); Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 257 (1st Cir. 1996) (finding dismissal of state law claims "appropriate if [a] federal-question claim is eliminated early in the proceedings"). Thus, Plaintiff's remaining state law claims are REMANDED to Barnstable Superior Court for further proceedings.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[1] Defendants urge the Court to consider, and give weight to, the previous findings of the Massachusetts Commission on Discrimination (MCAD). Doc. No. 20 at 3. While some federal district courts have seen fit to supplement plaintiffs' complaints with MCAD findings when considering motions to dismiss, see, e.g., Flowers v. FLLAC Educ. Collaborative, No. CV 17-40044-DHH, 2017 WL 5798553, at *3 (D. Mass. Nov. 28, 2017), reconsideration denied, No. CV 17-40044-DHH, 2018 WL 717339 (D. Mass. Feb. 5, 2018), the Court reaches its conclusion without considering additional facts contained in the record before the MCAD.